**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY R. LEBLANC,

     Plaintiff,                         Civil No. 2:15-CV-10482
                                              HONORABLE ARTHUR J. TARNOW
v.                                 UNITED STATES DISTRICT JUDGE

MACOMB REGIONAL FACILITY,

     Defendant,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.  Introduction**

Jeffrey R. LeBlanc, ("Plaintiff"), confined at the Macomb Regional Facility in

New Haven, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §

1983.  For the reasons that follow, the complaint is DISMISSED WITHOUT

PREJUDICE.

**II.  Standard of Review**

Plaintiff has been allowed to proceed without prepayment of fees. See 28 §

U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).

However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court
> determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

*LeBlanc v. Macomb Regional Facility,* 2:15-CV-10482

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *See also Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir.1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

*LeBlanc v. Macomb Regional Facility,* 2:15-CV-10482

### III.  Complaint

Plaintiff claims that he is being wrongfully incarcerated by defendant because the Kalamazoo County Circuit Court lacked jurisdiction over his criminal case.  Plaintiff does not specify what charges that he was convicted of, but the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,*323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that plaintiff was convicted of malicious destruction of personal property between the value of $ 1,000.00 and $ 20,000.00.  Plaintiff seeks monetary damages.

### IV.  Discussion

Plaintiff's complaint is subject to dismissal.

Plaintiff is unable to obtain monetary damages arising from his criminal conviction absent a showing that his criminal conviction had been overturned.  To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *See also Alkire v. Irving*, 330 F.3d 802, 816, n. 10 (6th Cir. 2003).  Because plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a

*LeBlanc v. Macomb Regional Facility,* 2:15-CV-10482

writ of habeas corpus, his allegations relating to his criminal prosecution,

conviction, and incarceration against the defendant fail to state a claim for which

relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,*

90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756

(E.D. Mich. 2001).

To the extent that plaintiff is seeking to have his criminal conviction vacated

or set aside in this civil rights action, the civil rights complaint is subject to

dismissal.  Where a state prisoner is challenging the very fact or duration of his or

her physical imprisonment and the relief that he or she seeks is a determination

that he or she is entitled to immediate release or a speedier release from that

imprisonment, his or her sole federal remedy is a petition for writ of habeas

corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A plaintiff cannot seek

injunctive relief relating to his or her criminal conviction in a § 1983 action. *Nelson*

*v. Campbell,* 541 U.S. 637, 643 (2004).  Instead, "§ 1983 must yield to the more

specific federal habeas statute, with its attendant procedural and exhaustion

requirements, where an inmate seeks injunctive relief challenging the fact of his

conviction or the duration of his sentence." *Id.*

To the extent that plaintiff is seeking to be released from custody, his action

should be filed as a petition for a writ of habeas corpus and not a civil rights suit

under § 1983.  Plaintiff, by his own admission, has a petition for writ of habeas

*LeBlanc v. Macomb Regional Facility,* 2:15-CV-10482

corpus pending in the federal court. *See LeBlanc v. Romanowski,* U.S.D.C. No.

2:14-CV-13219 (E.D. Mich.).  No decision has been rendered on that case yet.

To the extent that petitioner is seeking release from incarceration, his current

action is dismissed for being duplicative of his habeas petition that is pending

before Judge Duggan*. See Davis v. U.S. Parole Com'n*, 870 F. 2d 657 (Table),

No. 1989 WL 25837, * 1 (6th Cir. March 7, 1989)(district court can properly

dismiss a habeas petition as being duplicative of a pending habeas petition,

where the district court finds that the instant petition is essentially the same as the

earlier petition).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey*

doctrine, the appropriate course for a federal district court is to dismiss the claim

for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather

than to dismiss the complaint with prejudice as being frivolous, because the

former course of action is not an adjudication on the merits and would allow the

prisoner to reassert his or her claims if the conviction or sentence is later

invalidated. See *Murphy v. Martin,* 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004).

Therefore, because the Court is dismissing plaintiff's § 1983 complaint under

*Heck*, the dismissal will be without prejudice. See e.g. *Finley v. Densford,* 90 Fed.

Appx. 137, 138  (6th Cir. 2004).

5

*LeBlanc v. Macomb Regional Facility,* 2:15-CV-10482

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the complaint is **DISMISSED**

**WITHOUT PREJUDICE.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 12, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 12, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant